UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOANY ZAMORA and ANGELICA DAVILA | CIVIL CASE NO. 20-_____ |
| Plaintiffs, | SECTION: __ |
| v. | DIVISION: __ |
| EQUILON ENTERPRISES LLC | |
| Defendant. | JURY TRIAL DEMANDED |

COMPLAINT AND JURY DEMAND

JOANY ZAMORA and ANGELICA DAVILA, husband and wife (collectively, "PLAINTIFFS"), respectfully submit the following Complaint against EQUILON ENTERPRISES LLC:

Parties

1.

Made Defendant herein is EQUILON ENTERPRISES LLC ("DEFENDANT"), a foreign limited liability company licensed to do and doing business in the State of Louisiana, domiciled in Delaware with its principal business establishment in Louisiana located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808. DEFENDANT may be served through CT Corporation System, DEFENDANT'S duly authorized agent for service of process, at 3867 Plaza Tower Dr., Baton Rouge, La 70816.

2.

**JOANY ZAMORA** and **ANGELICA DAVILA** are residents of and domiciled in Ascension Parish, Louisiana.

### Jurisdiction and Venue

3.

This Honorable Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 in that the claims in controversy in this matter exceed the sum of $75,000 exclusive of interest and costs and in that **PLAINTIFFS** are diverse in citizenship from **DEFENDANT** and its individual members. Upon information and belief:

a.      **DEFENDANT** has three members: SOPC Holdings East LLC, SOPC Holdings West LLC, and TMR Company;

b.      SOPC Holdings East LLC is a limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas, and it has three members: SOPC Holdings West LLC, Shell Oil Company, and TMR Company;

c.      SOPC Holdings West LLC is a limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas, and it has two members: Shell Oil Products Company LLC and Shell Oil Company;

d.      Shell Oil Products Company LLC is a limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas, and it has one member: Shell Oil Company;

2

e.        Shell Oil Company is a corporation, incorporated in the State of Delaware and having its principal place of business in Houston, Texas, with its corporate offices in Houston, Texas; and

f.        TMR Company is a corporation, incorporated in the State of Delaware and having its principal place of business in Houston, Texas, with its corporate offices in Houston, Texas.

4.

Accordingly, **PLAINTIFFS** are diverse in citizenship from **DEFENDANT** because **PLAINTIFFS** are citizens of Louisiana and **DEFENDANT** is a citizen of Delaware and Texas.

5.

Venue is proper as the incident claimed of occurred in St. Charles Parish at the Shell Norco facility located at 15536 River Road, Norco, Louisiana 70059 (the "Facility"). **DEFENDANT** is subject to jurisdiction and venue within this Honorable Court's territorial jurisdiction.

6.

**DEFENDANT** has significant ties to and/or regularly conducts and transacts business within this district and venue, particularly within St. Charles Parish at the Facility.

**Factual Allegations**

7.

On or about December 10, 2019, **JOANY ZAMORA** was installing scaffolding near a residual catalytic cracking unit ("RCCU") at the Facility. Without warning, hot condensate fell from a vent stack silencer and/or containment device onto **JOANY ZAMORA** and severely burned **JOANY ZAMORA**.

8.

**JOANY ZAMORA** was never advised, informed, or made aware of a vent stack silencer and/or containment device in the work area that could or would overflow with hot condensate.

9.

The day after the incident, a message from the General Manager of the Facility was sent, indicating *inter alia*, that personnel should inspect systems for hot condensate pooling, that lessons should be learned from this event, that a safety awareness alert would be issued, and that a causation investigation would be initiated.

10.

Upon information and belief, a clog in the piping system for the vent stack silencer and/or containment device caused hot condensate to pool, overflow, and severely burn **JOANY ZAMORA**.

11.

Upon information and belief, the Occupational Safety and Health Administration ("OSHA") conducted an inspection and issued a report in response to the incident.

### Count One: Premises Liability

12.

**PLAINTIFFS** incorporate and re-allege each of the foregoing paragraphs as though set forth in full herein.

13.

Upon information and belief, the Facility was owned and/or operated by **DEFENDANT** at all material times, and **DEFENDANT** exercised *garde* over same at all times pertinent.

4

14.

As the owner and/or operator of the Facility, **DEFENDANT** is liable under Louisiana Civil Code Articles 2317 and 2317.1.

15.

At the time of the subject accident, the RCCU, the vent stack silencer, containment device, and/or associated piping and safety measures (or lack thereof) at the Facility prevented workers, including **JOANY ZAMORA**, from conducting their operations in a safe manner. Furthermore, the layout of the RCCU, the vent stack silencer, containment device, and/or associated piping at the Facility was such that workers could not access their job sites without undue danger or unreasonable risk of harm.

16.

At all material times, the RCCU, the vent stack silencer, containment device, associated piping, and/or the Facility were unreasonably dangerous and otherwise a hazard to those working near or around same.

17.

**JOANY ZAMORA** did not exercise control over the RCCU, the vent stack silencer, containment device, associated piping, and/or the area of the Facility where the incident occurred.

18.

**DEFENDANT** is liable unto the **PLAINTIFFS** because **DEFENDANT** knew, or in the exercise of reasonable care, should have known of these hazards and failed to remedy same.

19.

**PLAINTIFFS** are entitled to damages as a result of **DEFENDANT'S** premises liability. **PLAINTIFFS'** damages could have been prevented by **DEFENDANT'S** exercise of reasonable care, which **DEFENDANT** failed to exercise at all times pertinent.

### Count Two: Negligence

20.

**PLAINTIFFS** incorporate and re-allege each of the foregoing paragraphs as though set forth in full herein.

21.

**PLAINTIFFS** assert that **DEFENDANT** was negligent in the preparation, operation, layout, maintenance, and processes of the vent stack silencer, containment device, associated piping, and area of the Facility where the vent stack silencer, containment device, and/or associated piping was located.

22.

Further, at all material times, the activities of all as yet unidentified employees, personnel, borrowed servants, contractors, or agents of **DEFENDANT** who were involved in the operation, set up, layout, maintenance, processes, and safety features of the Facility, did so while in the course and scope of their employment with **DEFENDANT**. Accordingly, **DEFENDANT** is at all material times liable under the doctrine of *respondeat superior* for the negligence of its employees, personnel, borrowed servants, contractors, or agents.

23.

At all material times, **JOANY ZAMORA** was working safely, was properly trained, was employing proper safety procedures and protocols, and was carrying out his work in accordance with **DEFENDANT'S** instructions.

24.

The incident described herein was caused through no negligence on the part of **JOANY ZAMORA** but was caused solely by **DEFENDANT** in the following non-exclusive particulars:

i)      Failing to provide or ensure a safe place to work.

ii)     Failing to follow the applicable safety rules, regulations, and policies in the preparation, operation, layout, maintenance, and processes of the vent stack silencer and/or containment device and associated piping.

iii)    Failing to comply with all applicable OSHA and other safety rules and regulations.

iv)     Responsibility for the negligence of BrandSafway, its employees, supervisors, and contractors.

v)      Failing to comply with, implement, and/or obtain appropriate OSHA and other safety documentation.

vi)     Failing to warn **JOANY ZAMORA** of a condition which could or may cause injury.

vii)    Failing to render safe an unreasonably dangerous condition which it knew or should have known existed at all material times.

viii)   Failing to remove a hazard from the Facility of which it knew or should have known.

ix)    Permitting a vent stack silencer, containment device, and/or associated piping at its Facility with inadequate features to exist or occur presenting a risk of harm to **PLAINTIFFS** which was foreseeable.

x)    Permitting its employees, contractors, and others, including **JOANY ZAMORA**, to work in the area at issue at the Facility when it knew or should have known that working in that area presented a hazardous condition that rendered the Facility and work environment unsafe and unfit for use by individuals such as **JOANY ZAMORA**.

xi)    Failing to empty, shut down, remove, adjust, move, or reposition the vent stack silencer, containment device, and/or associated piping at issue, or requesting same, causing the accident made the subject of this litigation.

xii)    Failing to advise or warn of a vent stack silencer and/or containment device in the work area that could or would overflow with hot water condensate on the date in question, thus failing to identify potential hazards for those working at the Facility and warn of same or prevent the accident made the subject of this litigation.

xiii)    Failing to provide reasonable and safe access to the worksite for **JOANY ZAMORA**.

xiv)    Failing to maintain the premises in a safe condition, which caused **PLAINTIFFS'** injuries and accident.

xv)    Failing to adhere to **DEFENDANT'S** policies and procedures in connection with the scaffolding, vent stack silencer, containment device, associated piping, and/or hot water condensate.

xvi)   Failing to inspect and make safe the Facility prior to access by users such as **JOANY ZAMORA**.

xvii)  Failing to have and/or implement appropriate procedures and controls for the purpose of identifying hazards, such as that complained of herein, and further failing to remedy such hazards.

xviii) Failing to follow its own or any other contractors' safety rules, regulations, and policies in connection with the RCCU, the vent stack silencer, the containment device, and/or the associated piping.

xix)   Failing to analyze the job to be performed by **JOANY ZAMORA** and implement a plan or take corrective measures which would have prevented the accident prior to **JOANY ZAMORA** beginning the job.

xx)    Failing to remedy a hazardous condition that it knew or should have known of upon a reasonable investigation of the premises and/or work site.

xxi)   Failing to inspect the Facility, the RCCU, the vent stack silencer, the containment device, the associated piping, and the scaffolding at issue for safety purposes and to ensure the area where the scaffolding was being installed was fit for use and safe for individuals such as **JOANY ZAMORA** to work upon or near.

xxii)  Failing to supervise and coordinate the efforts of its contractors and employees who were expected to be working with, or in proximity to, contractors.

xxiii) Failing to provide equipment for or ensure there was adequate and sufficient communication and/or communication equipment by and between the multiple contractors who performed services at the time of **PLAINTIFFS'** injuries.

xxiv) Failing to ensure all necessary safety features by all contractors involved at its Facility.

xxv) Failing to ensure all personnel at the Facility complied with OSHA and all other private or public safety rules, regulations, and policies at all material times pertinent.

xxvi) Conducting and/or permitting ultra-hazardous activities to occur at the Facility without taking all necessary precautions or ensuring/providing for the necessary personnel and equipment under the circumstances.

xxvii) Failing to take all appropriate actions and implement all appropriate policies and procedures necessitated by all mandates of OSHA and all other applicable rules, regulations, and safety policies pertinent to all procedures being performed by **JOANY ZAMORA**, his coworkers, and/or other personnel.

xxviii) Negligent preparation, operation, setup, layout, maintenance, and processes, of the Facility, the RCCU, the vent stack silencer, the containment device, and/or the associated piping.

xxix) Any and all other acts of negligence to be proven at the trial of this matter.

25.

As a result of **DEFENDANT'S** negligence, **PLAINTIFFS** are entitled to damages. **PLAINTIFFS'** damages could have been prevented by **DEFENDANT'S** exercise of reasonable case. At all times pertinent, **DEFENDANT** failed to exercise such reasonable care.

**Damages**

26.

**PLAINTIFFS** incorporate and re-allege each of the foregoing paragraphs as though set forth in full herein.

27.

Due to the above-described incident, **JOANY ZAMORA** suffered severe, permanent, and intractable injuries, including second and third degree burns over forty percent of his body as well as other damages enumerated herein. **JOANY ZAMORA** endured a lengthy stay in the burn unit at University Medical Center in New Orleans, Louisiana, and his treatment has involved multiple painful and life-threatening procedures, including multiple debridement procedures, grafts, blood transfusions, and other procedures. Further, **JOANY ZAMORA** has undergone follow-up surgical procedures, tests, and treatments—the stress of which has been multiplied by having to undergo treatment during the COVID-19 pandemic. The following photographs depict **JOANY ZAMORA'S** physical injuries:






28.

**JOANY ZAMORA** is entitled to recover damages in connection with the physical, mental, and emotional suffering sustained as a result of this accident and the above-mentioned negligence and premises liability of **DEFENDANT**.

29.

Due to the above-described negligence and premises liability, **PLAINTIFF JOANY ZAMORA**, has been caused to sustain the following nonexclusive damages and injuries:

1.      Medical expenses (past, present, and future);

2.      Physical pain and suffering (past, present, and future);

3.      Mental anguish and suffering (past, present, and future);

4.      Loss of enjoyment of life and inconvenience (past, present, and future);

5.      Loss of wages and/or loss of earning capacity (past, present, and future);

6.      Loss of consortium, loss of society, loss of love and affection, loss of household

services (past, present, and future); and

7.      Any and all other damages to be proven at trial of this matter.

30.

**ANGELICA DAVILA** is and was at all times relevant to this action, the legal spouse of

**JOANY ZAMORA**, and they have at all times relevant to this action, lived together as husband

and wife.

31.

As a proximate result of the personal injuries suffered by **JOANY ZAMORA**, as described

in this complaint, **ANGELICA DAVILA** has been deprived of the benefits of their marriage

including his love, affection, society, and consortium, and other husbandly duties and actions.

**JOANY ZAMORA** provided **ANGELICA DAVILA** with all of the benefits of a marriage

between husband and wife, prior to his injuries described herein.

32.

**ANGELICA DAVILA** has also incurred the costs and expenses related to the medical

care, treatment, medications, and hospitalization to which **JOANY ZAMORA** was subjected for

the physical injuries he suffered. **ANGELICA DAVILA** will continue to incur the future costs

and expenses related to the care, treatment, medications, and hospitalization of **JOANY**

**ZAMORA** due to his injuries described herein.

33.

**ANGELICA DAVILA** has suffered loss of consortium, as described herein, including the

past, present, and future loss of her husband's companionship, services, society, and the ability of

**JOANY ZAMORA** to provide **ANGELICA DAVILA** with the benefits of marriage, all of which has resulted in her pain, suffering, and mental and emotional distress and worry.

34.

Due to the above-described negligence and premises liability and the injuries and damages caused thereby, **PLAINTIFFS** request damages in a sum not less than seventy-five thousand ($75,000) exclusive of costs and interest.

## Jury Demand

35.

**PLAINTIFFS** hereby demand a trial by jury.

## Prayer for Relief

**WHEREFORE**, **JOANY ZAMORA** and **ANGELICA DAVILA** pray that the **DEFENDANT, EQUILON ENTERPRISES LLC,** be served with a certified copy of this complaint, summons, and citation and that after due proceedings had, judgment is rendered in favor of **JOANY ZAMORA** and **ANGELICA DAVILA** and against **DEFENDANT, EQUILON ENTERPRISES LLC,** for a sum to be determined together with legal interest thereon from date of judicial demand until paid, all cost of these proceedings, attorney fees, and any other relief to which **JOANY ZAMORA** and **ANGELICA DAVILA** are legally entitled.

Date: November 17, 2020

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**WILLIAM L. MIZELL (#36589)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:     504.556.5549
Facsimile:     504.310.0275
Email: kmiller@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com
Email: wmizell@fishmanhaygood.com

***Counsel for Plaintiffs***

15